United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Walter James Morris, Jr., Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-22502-Civ-Scola |
| Ms. Hightower, Director of the Medical Department for Dade C.I., Defendant. | ) ) ) |

**Order**

This matter is before the Court upon an independent review of the record and a screening of the complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Plaintiff Walter James Morris, Jr., has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA") and the Rehabilitation Act, and the Plaintiff has also moved for leave to proceed *in forma pauperis* ("IFP") (ECF No. 3). On October 20, 2020, United States Magistrate Judge Edwin G. Torres denied the Plaintiff's motion for leave to proceed IFP because, based on the face of the complaint, Judge Torres could not "deem the claims to be non-frivolous . . . ." (ECF No. 11.) Specifically, the complaint alleges that the Medical Director for the state of Florida's Dade Criminal Institution discriminated against the Plaintiff when it did not provide the Plaintiff with a new neck collar, wheelchair cushion and back brace because the Plaintiff is "gender-neutral, and not [] gender-based." (ECF No. 1 at 2.) As Judge Torres noted, the Plaintiff's gender identity "did not result from physical impairments," therefore, the Plaintiff's claims under the ADA and the Rehabilitation Act are "not a recognized disability" under either statute. *See Shorter v. Barr*, 2020 WL 1942785, at *10 (N.D. Fla. Mar. 13, 2020), *report and recommendation adopted*, 2020 WL 1942300 (N.D. Fla. Apr. 22, 2020). In light of the deficiencies in the complaint, Judge Torres ordered the Plaintiff to show cause, by November 10, 2020, why the complaint should not be dismissed as frivolous. (ECF No. 11.) The Plaintiff has since responded to the show cause order, and the Court now reviews that response.

In response to Judge Torres' order to show cause, the Plaintiff timely filed a "motion to show cause," which the Court construes as a response to the order to show cause. (ECF No. 12.) However, the Plaintiff's response does not cure the defects identified by Judge Torres. Even if the Court were to hold – in the absence of Eleventh Circuit precedent – that Gender Dysphoria, a medical condition codified in the Diagnostic and Statistical Manual of Mental Disorders, 5th

Edition, was a recognized disability under the ADA or Rehabilitation Act, the complaint still fails to allege a cause of action. In sum, the complaint demands that some of the medical equipment provided to the Plaintiff, such as a wheelchair cushion, be replaced. The response to the show cause order does not add any material new detail to these generic allegations. As such, the Court cannot find that the Plaintiff's claims rise to the level of a constitutional violation under 42 U.S.C. § 1983, the ADA, or the Rehabilitation Act. Again, even assuming (without deciding) that the ADA and Rehabilitation Act are triggered by Gender Dysphoria, the Plaintiff's demands for new medical equipment do not appear to bear any relationship to Gender Dysphoria. Finally, in the absence of a clearly established right to replacement medical equipment such as a back brace, the Plaintiff has failed to adequately allege a violation of Section 1983. Moreover, there are no adequate allegations showing that the Plaintiff was discriminated against in connection with the Plaintiff's gender identity.

"[A] district court has the inherent authority to dismiss a patently frivolous complaint," even when the plaintiff has paid the required filing fee. *Cuyler v. Aurora Loan Servs.*, LLC, 2012 WL 10488184, at *2 (11th Cir. Dec. 3, 2012). "A complaint is frivolous where it lacks an arguable basis either in law or in fact." *Guthrie v. U.S. Government*, No. 17-80390, 2017 WL 5479877, at *2 (S.D. Fla. March 31, 2017) (Middlebrooks, J.) (citations and quotations omitted). Here, following an opportunity to amend or show cause to avoid dismissal, the complaint remains without arguable merit in law or in fact. As a result, this case is **dismissed** under the Court's inherent authority

The Clerk is directed to **close** this case and **mail a copy of this Order** to the Plaintiff at the address listed below. Any pending motions are **denied** as moot.

**Done and ordered**, in chambers, in Miami, Florida, on November 30, 2020.

Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*:
Walter James Morris, Jr.
Inmate #080383
Dade Correctional Institution
Inmate Mail/Parcels
19000 SW 377th Street
Florida City, FL 33034