United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Walter James Morris, Jr., Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-22502-Civ-Scola |
| Ms. Hightower, Director of the Medical Department for Dade C.I., Defendant. | ) |

## Order

This matter is before the Court on Plaintiff Walter James Morris Jr.'s motion to appeal *in forma pauperis* and to appoint counsel. (ECF No. 16.) The motion is **denied**. **(ECF No. 16.)**

Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. The complaint alleged the Medical Director for the state of Florida's Dade Criminal Institution discriminated against the Plaintiff when she did not provide the Plaintiff with a new neck collar, wheelchair cushion and back brace because the Plaintiff is "gender-neutral, and not [] gender-based." (ECF No. 1 at 2.) This Court dismissed Plaintiff's claims as frivolous because they had no arguable merit in law or fact despite an earlier opportunity to amend (ECF No. 13.) Plaintiff filed a notice of appeal to the United States Court of Appeals for the Eleventh Circuit. (ECF No. 15.)

A court may authorize a party to proceed *in forma pauperis* upon an affidavit of indigency. 28 U.S.C. § 1915(a); *see* Fed. R. App. P. 24(a)(1). An appeal, however, may not be taken *in forma pauperis* if it is not taken in good faith. 28 U.S.C. § 1915(a)(3); *accord* Fed. R. App. P. 24(a)(3)(A). A party who seeks appellate review of an issue does so in good faith if the issue is not frivolous. *Higgins v. Altonaga*, No. 18-22026-CIV, 2018 WL 10705854, at *1 (S.D. Fla. June 4, 2018) (Cooke, J.). An appeal filed *in forma pauperis* is frivolous if "it appears that the Plaintiff has little or no chance of success," in other words that the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Id.* (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

Plaintiff's claims are frivolous and thus, the Plaintiff may not appeal *in forma pauperis*. The complaint fails to allege any cognizable claim under the ADA, Rehabilitation Act, or Section 1983. The complaint does not allege that being gender neutral resulted from physical impairments, accordingly, the

complaint does not allege a recognized disability under the ADA or Rehabilitation Act. *Shorter v. Barr*, 2020 WL 1942785, at *10 (N.D. Fla. Mar. 13, 2020), *report and recommendation adopted*, 2020 WL 1942300 (N.D. Fla. Apr. 22, 2020). Moreover, even if the ADA and Rehabilitation Act did protect against discrimination based on Gender Dysphoria, the Plaintiff's demands for new medical equipment do not appear to have a nexus to Gender Dysphoria. Finally, in the absence of a clearly established right to replacement medical equipment such as equipment requested here, the Plaintiff has failed to adequately allege a violation of Section 1983. For these reasons, the Plaintiff's claims are frivolous and the motion to proceed *in forma pauperis* must be denied.

The Plaintiff's motion for appointment of counsel is likewise denied. "A plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Under 28 U.S.C. § 1915(e)(1), the district court has discretion to appoint counsel for an indigent plaintiff, but counsel should be appointed only in exceptional circumstances. *See Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996); *Bass*, 170 F.3d at 1320. Exceptional circumstances generally exist "where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *See Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Here, the Plaintiff has not shown that this case is exceptionally complex nor that he is unable to present his cause without the help of a trained practitioner. Therefore, the Clerk declines to appoint counsel to the Plaintiff. Accordingly, the Court **denies** Plaintiff's motion to appoint counsel and to proceed *in forma pauperis* on appeal. **(ECF No. 16.)**

**Done and ordered**, in chambers, in Miami, Florida, on February 9, 2021.

Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*:
Walter James Morris, Jr.
Inmate #080383
Dade Correctional Institution
Inmate Mail/Parcels
19000 SW 377th Street
Florida City, FL 33034